```
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
    ANDERSON/GREENWOOD DIVISION
```

| | |
|---|---|
| Patrick L. Booker, | Case No. 8:12-cv-01957-MGL-JDA |
| Plaintiff, | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| v. | |
| South Carolina Department of Corrections; Sylvia Jones; Ann Sheppard; Thierry Nettles, | |
| Defendants. | |

This matter is before the Court on a motion to remand filed by Plaintiff. [Doc. 19.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and to submit findings and recommendations to the District Court.

On or about June 22, 2012, Plaintiff, proceeding pro se, filed this action against Defendants South Carolina Department of Corrections ("SCDC"), Sylvia Jones ("Jones"), Ann Sheppard ("Sheppard"), and Thierry Nettles ("Nettles"; collectively, "Defendants") in the Court of Common Pleas for McCormick County, South Carolina. [Doc. 2-1 at 2.] On July 13, 2012, Defendants removed the action to this Court and contemporaneously filed an answer to the Complaint. [Docs. 2, 4.] On July 23, 2012, Defendants filed a supplement to their notice of removal to include an Amended Complaint filed by Plaintiff in state court. [Docs. 8, 8-2.] Defendants also filed an answer to the Amended Complaint. [Doc. 9.]

On August 13, 2012, Plaintiff filed a motion to remand the matter back to state court, arguing the Court could not exercise supplemental jurisdiction over his state law claims. [Doc. 19.] Defendants filed a response in opposition to the motion to remand on August 30, 2012, conceding that certain, but not all, of Plaintiff's claims should be remanded. [Doc. 22.] The motion is now ripe for review.[1]

## BACKGROUND

Plaintiff is an inmate of SCDC and is currently housed at Evans Correctional Institution ("Evans").[2] [Doc. 18 (notice of change of address to Evans).] At all times relevant to the remaining claims in this action, Plaintiff was housed at Lieber Correctional Institution ("Lieber"). [*See* Doc. 2-1 ¶ A; Doc. 8-2 ¶ 1.]

*Complaint*[3]

On November 8, 2010, while housed in SMU at Lieber, Plaintiff mailed a legal document to the Dorchester County Sheriff's Civil Process Division, but it was returned for lack of sufficient postage. [Doc. 2-1 ¶ 1.] On November 17, 2010, his mail was returned to him and had already been opened, and presumably read, outside his presence. [*Id.* ¶ 2.] Consequently, Plaintiff exercised his First Amendment right to free speech and spoke out about the unauthorized opening of his mail by filing a "Request to Staff Member" form with the Lieber mail room advising the mail room staff of Plaintiff's discovery of mail

---

[1] On September 6, 2012, Plaintiff filed a motion to amend/correct the Amended Complaint to delete paragraphs 9–22. Contemporaneously with the filing of this Report and Recommendation, the Court has granted Plaintiff's motion.

[2] At the time he filed this action, Plaintiff was housed at Broad River Correctional Institution. [Doc. 2-1 ¶ A.]

[3] The following background is a summary of Plaintiff's allegations contained in the Complaint, Docket Entry Number 2-1.

tampering and of his intent to pursue civil remedies and to seek criminal prosecution if the matter occurred again. [*Id.* ¶ 3.]

On November 18, 2010, after receiving Plaintiff's Request to Staff form, Jones falsely accused Plaintiff of and charged Plaintiff with the level two disciplinary offense of "Threatening to Inflict Harm on/Assaulting Employee." [*Id.* ¶ 4.] The matter was referred for disciplinary action [*id.* ¶¶ 6, 8], and Captain Brightharp, the shift supervisor, refused to forward a copy of the incident report to the mental health staff, despite Plaintiff's documented mental health issue [*id.* ¶ 5, 7]. After a disciplinary hearing on December 9, 2010, Plaintiff was found "not guilty" of the charge. [*Id.* ¶ 10.] During the pendency of the charge, Plaintiff experienced and suffered heightened anxiety and depression, fear, confusion, inconvenience, and trouble sleeping and eating. [*Id.* ¶ 11.] Plaintiff also alleges the charge and its referral for disciplinary action had a chilling effect upon Plaintiff's exercise of his right of free speech and expression, and Jones, Captain Brightharp,[4] and Nettles were reckless and grossly negligent and retaliated against Plaintiff for exercising his First Amendment right by pursuing the "bogus" disciplinary charge. [*Id.* ¶¶ 11–13.]

On March 29, 2011, Jones filed a another false incident report, charging Plaintiff with "Conspiracy to Smuggle In Contraband" based on the contents of a letter he sent to the Lieber mail room to be mailed to his mother. [*Id.* ¶ 14–15.] Sheppard, the supervisor in charge of reviewing the incident report, referred the matter for disciplinary action but refused to forward a copy of the incident report to the mental health staff. [*Id.* ¶¶ 16–18.] Nettles then referred the matter for a disciplinary hearing, and after a disciplinary hearing

---

[4] Captain Brightharp is not a named Defendant in this action.

on April 20, 2011, Plaintiff was found not guilty of the charge. [*Id.* ¶¶ 19–21.] During the pendency of the charge, Plaintiff experienced and suffered heightened anxiety and depression, fear, confusion, inconvenience, and agitation. [*Id.* ¶ 22.] Plaintiff also alleges the charge and its referral for disciplinary action had a chilling effect upon Plaintiff's exercise of his right of free speech and expression, and Jones, Sheppard, and Nettles were reckless and grossly negligent and retaliated against Plaintiff for exercising his First Amendment right by pursuing the "bogus" disciplinary charge. [*Id.* ¶¶ 22–24.] Additionally, Plaintiff alleges Jones violated SCDC procedures related to the handling of inmate mail, and after Plaintiff was found not guilty of the charge, Jones refused to return Plaintiff's mail or to mail it to his mother. [*Id.* ¶¶ 25–28.] Further, Jones's mishandling of Plaintiff's mail caused several SCDC employees to be authorized to read Plaintiff's personal correspondence who otherwise would not have been authorized to read Plaintiff's letter. [*Id.* ¶ 29.]

On April 21, 2011, Jones opened and presumably read Plaintiff's incoming privileged mail outside Plaintiff's presence, thereby intentionally mishandling Plaintiff's mail. [*Id.* ¶¶ 30–31.] Further, Joyce Young ("Young"),[5] the mail room supervisor at McCormick Correctional Institution, intentionally failed to deliver legal mail sent by Plaintiff to a co-plaintiff in a joint legal action, although Plaintiff had authorization to send the mail to his co-plaintiff, in violation of SCDC policy. [*Id.* ¶ 32–37.] Plaintiff alleges Young's conduct was reckless and a grossly negligent exercise of her duty to Plaintiff, as well as an unlawful

---

[5] Joyce Young is not a named Defendant in this action.

interference with Plaintiff's First Amendment rights to free speech, expression, and association. [*Id.* ¶¶ 38–39.]

On October 10, 2011, Jones refused to accept Plaintiff's legal correspondence for mailing. [*Id.* ¶¶ 41–42.] Plaintiff alleges this refusal violated SCDC policy; was reckless, wanton, willful, grossly negligent, and intended to harm Plaintiff; and was an unlawful interference with Plaintiff's exercise of his First Amendment rights. [*Id.* ¶¶ 43–44.] Plaintiff alleges SCDC is liable under the South Carolina Tort Claims Act for the acts of its employees, and Jones, Sheppard, and Nettles are liable in their individual capacities for, among other things, "violating Plaintiff's First Amendment right to free speech and expression, and to be free from wrongful interference and unlawful retaliation for the exercise of such right." [*Id.* ¶¶ 47–50.] Plaintiff seeks a jury trial; actual damages in the amount of $30,000, jointly and severally, from Defendants; punitive and nominal damages from Jones, Sheppard, and Nettles; Plaintiff's costs of suit; and any additional relief the Court deems just and proper. [*Id.* at 19–20.]

### *Amended Complaint*[6]

In his Amended Complaint, Plaintiff first incorporates by reference the original Complaint in its entirety. [Doc. 8-2 at 1.] Then, Plaintiff alleges that, on May 23, 2011, Officer Doris Gantt and Captain Fletcher McBride[7] interfered with Plaintiff's right to receive medical attention in violation of SCDC policy. [*Id.* ¶¶ 1–8.] Plaintiff alleges SCDC and its employees owed Plaintiff a duty of care and were responsible for the proper treatment of

---

[6] As previously stated, the Court has granted Plaintiff's motion to amend/correct the Amended Complaint, deleting paragraphs 9–22 of the Amended Complaint.

[7] Officer Doris Gantt and Captain Fletcher McBride are not named Defendants in this action.

Plaintiff. [*Id.* ¶ 24.] Plaintiff further alleges SCDC is liable for gross negligence, false advertisement, and libel/actual fraud. [*Id.* at 8.] Plaintiff seeks compensatory damages in the amount of $2,000 from SCDC; Plaintiff's costs of suit; and any additional relief the Court deems just and proper. [*Id.* at 9.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

6

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v.*

7

*Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Motion to Remand Standard**

A defendant may remove to federal district court any civil action brought in a state court of which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). Further, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Id.* § 1367(a). The district court may decline to exercise supplemental jurisdiction over a claim if it "raises a novel or complex issue of State law"; if it "substantially predominates over the claim or claims over which the district court has original jurisdiction"; if "the district court has dismissed all claims over which it has original jurisdiction"; or "in exceptional circumstances, [where] there are other compelling reasons for declining jurisdiction." *Id.* § 1367(c). If a removed civil action includes a claim within the federal question jurisdiction of the district court as well as one or more claims not within

the original or supplemental jurisdiction of the district court, the latter claims must be severed and remanded to state court. *Id.* § 1441(c).

## DISCUSSION

To begin, Plaintiff and Defendants agree certain issues should be remanded. Specifically, the parties agree the allegations in the Amended Complaint[8] should be remanded, as well as the allegations in the Complaint regarding Jones's opening of Plaintiff's mail on April 21, 2011. [*See* Doc. 19; Doc. 22 at 6–7.] Therefore, the Court recommends that the issues contained in paragraphs 30–31 of the Complaint and paragraphs 1–8 of the Amended Complaint be remanded to the state court.[9]

With respect to the remaining allegations contained in the Complaint, Plaintiff argues the Court has subject matter jurisdiction over his "retaliation for exercise of free speech" claim but cannot exercise supplemental jurisdiction over his state law claims because the federal and state law claims do not derive from a common nucleus of operative fact. [Doc. 19 at 2.] Defendants contend the remaining claims share a common nucleus of operative fact, and because the Court has jurisdiction over Plaintiff's First Amendment claims, the Court may exercise its supplemental jurisdiction over the remaining claims. [Doc. 22 at 5–6.] Essentially, Defendants recognize Plaintiff raises federal and state claims based on the incidents described in paragraphs 1–29 and 32–50

---

[8] As previously stated, the Court has granted Plaintiff's motion to amend/correct the Amended Complaint to remove essentially all allegations in the Amended Complaint except paragraphs 1–8 and Plaintiff's prayer for relief.

[9] Additionally, the Court has reviewed the allegations in paragraphs 30–31 of the Complaint and paragraphs 1–8 of the Amended Complaint and concludes the allegations do not share a common nucleus of operative fact with any of Plaintiff's federal claims, which are discussed *infra*. Thus, the Court cannot exercise supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(a); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *White v. Cnty. of Newberry*, 985 F.2d 168, 171 (4th Cir. 1993).

of the Complaint, and thus, Plaintiff's federal and state claims arise from a common nucleus of operative fact. The Court agrees with Defendants.

As previously stated, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Federal district courts have original jurisdiction over two types of cases, generally referred to as federal question cases and diversity cases;[10] federal question cases are "all civil actions arising under the Constitution, laws, or treaties of the United States," *id.* § 1331. Further, claims form part of the same case or controversy for purposes of § 1367(a) if the claims arise from a common nucleus of operative fact. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also Shavitz v. Guilford Cnty. Bd. of Educ.*, 100 F. App'x 146, 150 (4th Cir. 2004) (unpublished opinion) ("The *Gibbs* test does not require that the federal and state claims only have some facts in common; instead, *Gibbs* requires that the claims share a 'common nucleus of *operative* fact.'" (quoting *Gibbs*, 383 U.S. at 725) (emphasis in original)).

Here, Plaintiff's claims relating to freedom of speech, expression, and association present First Amendment claims within the Court's original jurisdiction because these claims present federal questions. Moreover, Plaintiff's claims of gross negligence, civil conversion, and psychological abuse of a vulnerable adult arise from the very same facts. For instance, Plaintiff alleges that on November 17, 2010, his mail was returned to him already opened, and presumably read, outside his presence. [Doc. 2-1 ¶ 2.] After filing

---

[10] As previously stated, neither party alleges diversity jurisdiction in this case. Accordingly, the Court will not address diversity jursidiction.

a request to staff form requesting the mail room to refrain from opening his mail [*id.* ¶ 3], Jones charged Plaintiff with the level two disciplinary offense of "Threatening to Inflict Harm on/Assaulting Employee" [*id.* ¶ 4]. The matter was referred for disciplinary action, but after a disciplinary hearing, Plaintiff was found "not guilty" of the charge. [*Id.* ¶¶ 6–10.] Plaintiff alleges the charge and its referral for disciplinary action had a chilling effect upon Plaintiff's exercise of his right of free speech and expression, and Jones, Captain Brightharp, and Nettles retaliated against Plaintiff for exercising his First Amendment right and were grossly negligent by pursuing the "bogus" disciplinary charge. [*Id.* ¶¶ 11–13.] Thus, Plaintiff's federal claim—a violation of his First Amendment rights—arises from the very same conduct as his state claim—gross negligence. Similarly, Plaintiff's remaining federal and state law claims arise from common operative facts. Therefore, the Court concludes Plaintiff's federal and remaining state claims form part of the same case or controversy, and the Court should exercise supplemental jurisdiction over the remaining state law claims. Consequently, the Court recommends Plaintiff's motion to remand should be denied as to paragraphs 1–29 and 32–50 of the Complaint.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends Plaintiff's motion to remand be GRANTED with respect to the causes of action outlined in the Complaint at paragraphs 30–31 and in the Amended Complaint at paragraphs 1–8, and Plaintiff's motion to remand be DENIED with respect to all remaining claims.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

September 12, 2012
Greenville, South Carolina