**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Patrick L. Booker, ) | Civil Action No.: 8:12-1957-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| South Carolina Department of Corrections; ) | |
| Sylvia Jones; Ann Sheppard; and Thierry ) | |
| Nettles, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Patrick L. Booker ("Plaintiff"), proceeding *pro se*, filed this action in state court alleging several state law claims as well as federal claims of First Amendment retaliation brought pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). Magistrate Judge Austin issued a Report on August 14, 2013, recommending this court grant Defendants' motion for summary judgment and further recommending that Plaintiff's motion for leave to file a supplemental complaint be denied, and Plaintiff's motion to expedite ruling be mooted. (ECF No. 71.)

On September 6, 2013, Plaintiff filed objections to the Report (ECF No. 73.). For the reasons set forth herein, this court adopts the Report in part and to the extent it is consistent with this order and grants the motion for summary judgment filed by Defendants (ECF No. 43), denies the motion for leave to file a supplemental complaint filed by Plaintiff (ECF No. 73), and moots the motion to expedite ruling filed by Plaintiff. (ECF No. 65.)

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth in detail the relevant facts and standards of law on this matter and the court incorporates them and summarizes below in relevant part and adds to the discussion. On or around June 22, 2012, Plaintiff filed this action against the Defendants South Carolina Department of Corrections, Sylvia Jones, Anne Sheppard, and Thierry Nettles ("Defendants") in the Court of Common Pleas for McCormick County, South Carolina. (ECF No. 2-1). On July 13, 2012, Defendants removed the action to this court and also filed an answer to Plaintiff's complaint. (ECF Nos. 2 & 4.) On July 23, 2012, Defendants filed a Supplement to the Notice of Removal to include a letter and an amended complaint received from Plaintiff. (ECF No. 8.) Defendants filed an answer to the amended complaint in this court. (ECF No. 9.)

On August 13, 2012, Plaintiff filed a motion to remand this matter to the Court of Common Pleas for McCormick County, South Carolina, arguing that the court could not exercise supplemental jurisdiction over his state law claims for gross negligence, civil conversion, and psychological abuse of a vulnerable adult. (ECF No. 19.) In his motion, Plaintiff acknowledged that this court has original jurisdiction over his "federal 'retaliation for exercise of free speech'" claim but further argued that the court could not exercise supplemental jurisdiction over all of his state law claims because the state and federal claims did not derive from a common nucleus of operative fact. (ECF No. 19 at 2.) Thus, Plaintiff asked the court to remand all of his "strictly state law claims to state court." (ECF No. 19 at 6.)

On September 6, 2012, Plaintiff filed a motion for leave to file a second amended complaint. (ECF No. 27.) The Magistrate Judge granted the motion on September 12,

2012, and directed the Clerk of Court to re-file Plaintiff's motion as his second amended complaint. (ECF No. 30.) This amended complaint incorporated the original complaint by reference and also sought to delete paragraphs 9-22 which constitute allegations regarding his efforts to send legal correspondence from the mailroom, alleged violations of mailroom and law library policies and schedules, and describe an incident at dinner time wherein Plaintiff was accused of taking a dinner tray without permission. (ECF No. 31-1.) Plaintiff contended that Defendants' behavior concerning all of these incidents was grossly negligent. (ECF No. 31-1 at 7.)

Also on September 12, 2012, and based in part on the parties' agreement, the Magistrate Judge issued a Report and Recommendation recommending that the Plaintiff's Motion to Remand be granted with respect to the causes of action outlined in the complaint at paragraphs 30-31 and in the amended complaint at paragraphs 1-8. As previously noted, the Magistrate Judge had already granted Plaintiff's motion to amend/correct the amended complaint which removed essentially all of the other allegations of the amended complaint except paragraphs 1–8 and Plaintiff's prayer for relief. The Magistrate Judge found that Plaintiff's claims relating to freedom of speech, expression and association presented First Amendment claims within the court's original jurisdiction and that Plaintiff's claims of gross negligence, civil conversion, and psychological abuse of a vulnerable adult arose from the same facts. (ECF No. 32 at 11.) Consequently, the Magistrate Judge recommended that Plaintiff's motion to remand be denied as to paragraphs 1–29 and 32–50 of the complaint. Having received no objections to the Magistrate Judge's Report and Recommendation from either party, this court adopted and incorporated the Magistrate Judge's Report and the noted claims

were remanded to state court accordingly. (ECF No. 40.)

On December 5, 2012, Defendants filed a motion for summary judgment on Plaintiff's remaining claims. (ECF No. 43.) Plaintiff filed a request for a ruling on the motion for summary judgment on May 2, 2013. (ECF No. 65.) Finally, Plaintiff filed a motion for leave to file a supplemental complaint on July 25, 2013. (ECF No. 68.) These motions have been briefed by the parties and are now ripe for this court's review.

## REPORT AND RECOMMENDATION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

## ANALYSIS/DISCUSSION

The Magistrate Judge's Report and Recommendation sets forth a detailed background concerning the remaining claims based on the allegations of Plaintiff's complaint. Particularly considered by the Magistrate Judge as remaining claims were Plaintiff's claims for retaliation based on two disciplinary charges brought against him (the "809 charge" and the "855 charge"), Plaintiff's claim for gross negligence and unlawful interference with his First Amendment rights based on the alleged failure of the mail room supervisor to deliver legal mail from Plaintiff to another inmate, and Plaintiff's

claim that Defendant Jones refused to accept Plaintiff's legal correspondence for mailing in violation of South Carolina Department of Corrections policy and in violation of Plaintiff's First Amendment rights. (ECF No. 71 at 3-6.) As acknowledged by the Magistrate Judge, after careful consideration, Plaintiff withdrew his claims concerning inmate-to-inmate correspondence and the mailing of legal correspondence and expressly consented to the dismissal of these claims raised in his complaint. (ECF No. 46 at 5.) Accordingly, the only issues currently before the court and considered by the Magistrate Judge on the merits are Plaintiff's claims related to the two disciplinary charges.

The Magistrate Judge recommended that summary judgment be granted in favor of Defendants on Plaintiff's First Amendment retaliation claims. Concerning the 809 charge (threating to inflict harm on/assaulting employee), the Magistrate Judge determined that even assuming that Plaintiff's use of a grievance process by filing a "Request to Staff Member" was protected speech, Plaintiff still failed to establish that he suffered adverse action as a result of the allegedly retaliatory conduct. (ECF No. 71 at 16.) The Magistrate Judge also determined that Defendants were entitled to summary judgment on the 855 charge (conspiracy to smuggle contraband) because inmates do not have a constitutional right to mail letters free from inspection by prison authorities. (ECF No. 71 at 17-19.) The Magistrate Judge also found that Defendants are also entitled to qualified immunity because Plaintiff failed to demonstrate that Defendants violated Plaintiff's constitutional rights. Finally, the Magistrate Judge recommended that Plaintiff's motion for a ruling on the motion for summary judgment be found moot, and Plaintiff's motion for leave to file a supplemental complaint be denied due to

untimeliness and prejudice to Defendants. (ECF No. 71 at 21.)

Plaintiff filed lengthy objections to the Magistrate Judge's Report and Recommendation. (ECF No. 73.) Plaintiff's first objection concerns alleged improper activity taking place during litigation on the part of the Magistrate Judge, one party-defendant, and the attorney of record. (ECF No. 73 at 1-8.) There is simply no merit in Plaintiff's allegations toward the Magistrate Judge. The court has reviewed Judge Austin's Report and Recommendation and finds that it takes Plaintiff's factual allegations as true and sets them forth in great detail. Additionally, the court does not find that the Magistrate Judge decided any factual issues in the process of making a recommendation to the court. Further, there is not sufficient evidence before the court to substantiate the serious allegations of attorney misconduct and fraud upon the court leveled in this case.

Next, Plaintiff objects to the Magistrate Judge's treatment of Plaintiff's state law claims for civil conversion and psychological abuse of a vulnerable adult in particular. (ECF No. 73 at 8-9.) Because this court finds it appropriate to decline to exercise supplemental jurisdiction in this case and remand the state law claims to state court, upon the dismissal of all claims over which this court has original jurisdiction, this objection is overruled. Plaintiff also objects to the Magistrate Judge's recitation of the applicable summary judgment standard. (ECF No. 73 at 9.) For example, Plaintiff mistakenly seeks to have this court apply the "less stringent" state court summary judgment standard to the consideration of his state law claims. (*See also* ECF No. 73 at 17.) In general, however, federal courts apply state substantive law when adjudicating state law claims, but apply federal procedural law to the proceedings. *Gasperini v.*

*Center for Humanities, Inc.*, 518 U.S. 415, 426, (1996) (discussing the *Erie* doctrine, *Erie R.R. Co. v. Thompkins*, 304 U.S. 64 (1938)). Thus, this objection is also overruled.

Plaintiff also objects to the Magistrate Judge's discussion and analysis on Plaintiff's South Carolina Tort Claims Act causes of action against the South Carolina Department of Corrections. (ECF No. 73 at 9-10.) These claims appear to be part and parcel of Plaintiff's state law gross negligence claim. Having found that Defendants are entitled to summary judgment on Plaintiff's constitutional claims, and further finding it appropriate to decline to exercise supplemental jurisdiction over Plaintiff's state law claims for relief, this court also remands Plaintiff's claims under the South Carolina State Tort Claims Act to state court where this action was originally filed.[1] The court therefore declines to adopt the Magistrate Judge's recommendation that the South Carolina Department of Corrections be granted summary judgment under the South Carolina Tort Claims Act. *See* 28 U.S.C. § 1367(c)(3); *see also Johnson v. Ozmint*, 456 F.Supp.2d 688, 698 (D.S.C.2006) (granting summary judgment to defendants on federal claims and remanding claims under South Carolina Tort Claims Act to state court).

Additionally, Plaintiff objects to the Magistrate Judge's analysis on the 809 charge. (ECF No. 73 at 10-17.) Assuming, as the Magistrate Judge did, that Plaintiff's filing of the Request to Staff Member form was a form of protected speech, Plaintiff has put forth nothing more than bare assertions of retaliation and adverse effects. Contrary to Plaintiff's assertions, Judge Austin's Report and Recommendation does not make factual findings on the elements of Plaintiff's retaliation claims but instead points to a

---

[1] Plaintiff also objects to the Magistrate Judge's notation that gross negligence is not generally actionable under 42 U.S.C. § 1983. (ECF No. 73 at 16.) There is no error in the Magistrate Judge's statement of the law which highlights that negligence is a state law cause of action. (ECF No. 71 at 17.) Plaintiff's gross negligence claims are subject to remand to the extent Plaintiff intends to pursue such claims separate and apart from his federal retaliation claim.

lack of evidence in the record to support such claims.

Although "retaliation by a public official for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983," a plaintiff alleging retaliation against him in violation of his constitutional rights must demonstrate that he "suffered some adversity in response to [his] exercise of protected rights." *See Am. Civ. Liberties Union v. Wicomico Cnty.*, 999 F.2d 780, 785 (4th Cir.1993); *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994)("It follows that claims of retaliatory actions are legally frivolous unless the complaint implicates some right that exists under the Constitution.  That is, plaintiffs must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right.")  To state a cognizable retaliation claim under 42 U.S.C. § 1983, an inmate must allege sufficient facts to show that the alleged retaliation "chill[ed] [the] exercise of constitutional rights." *Wicomico*, 999 F.2d at 785.  The plaintiff must allege "specific facts supporting his claim of retaliation; bare assertions of retaliation do not establish a claim of constitutional dimension." *Goodman v. Smith*, 58 Fed. Appx. 36, 38 (4th Cir. 2003) (unpublished decision)(citing *Adams*, 40 F.3d at 75).  Plaintiff has not made any specific factual allegations that the exercise of constitutionally protected rights was chilled or that he suffered adverse action as a result of the 809 charge.[2]  Even considering Plaintiff's pro se verified complaint as the equivalent of an opposing affidavit for summary judgment purposes does not render a different result without specific facts to support the claim. (ECF No. 2-1, ¶ 11 & 45.)  Thus, Plaintiff's retaliation claim as to the 809 charge fails in its entirety because "a showing of adversity is essential to any retaliation claim."

---

[2] Plaintiff was ultimately found not guilty of the 809 charge but the hearing officer averred that he did not find the charges against Plaintiff to have been frivolous or meritless. (ECF No. 43-5.)

-8-

*Wicomico,* 999 F.2d at 785. Because Plaintiff fails on this essential element of this First Amendment § 1983 retaliation claim, the court need not address Plaintiff's objections related to the purported causal connection between Plaintiff's protected speech and Defendants' retaliatory action.[3]

Plaintiff also objects to the Magistrate Judge's recommendation as to the 855 charge. (ECF No. 73 at 17-18.) The court has reviewed Plaintiff's objections here and finds they have no merit and further finds that the Magistrate Judge's statement of the law concerning a prisoner's First Amendment right to receive and send mail to be accurate. As a First Amendment retaliation issue, Plaintiff's claim concerning the 855 charge fails just as the 809 charge fails. First, Plaintiff has not demonstrated that his letter to his mother which mentioned contraband in the form of a "Green Dot card," was in fact protected speech. Further, Plaintiff has put forth no evidence to establish that he suffered any adverse action as a result of the 855 charge or that the decision to bring the 855 charge was anything more than a direct response to Plaintiff's perceived misconduct. Again, on this point, the Magistrate Judge was not deciding any questions of material fact as to this claim but was instead pointing to a lack of evidence in the record to support the claim.

Next, Plaintiff states that Judge Austin's recommendation as to Defendants' entitlement to qualified immunity is premature as he maintains that there are genuine issues of material fact that exist as to whether Defendants violated Plaintiff's constitutional rights of free speech and expression. (ECF No. 73 at 18-19.) The court

---

[3] A plaintiff making a claim for a First Amendment retaliation under section 1983 must prove three elements. "First, the plaintiff must demonstrate that his or her speech was protected. Second, the plaintiff must demonstrate that the defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech. Third, the plaintiff must demonstrate that a causal relationship exists between [his] speech and the defendant's retaliatory action." *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 686 (4th Cir.2000) (internal citations omitted).

disagrees.  For the reasons stated above, the court finds that Plaintiff's allegations do not demonstrate a violation of Plaintiff's constitutional rights.  Defendants are also entitled to qualified immunity in this matter as it relates to Plaintiff's remaining federal law claims considered by this court.

Finally, Plaintiff seeks to amend his complaint and objects to the Magistrate Judge's determination that Plaintiff's motion for leave to file a supplemental complaint should be denied as untimely and prejudicial.  (ECF No. 71 at 21.)  Although Plaintiff did not provide the court with a proposed amended complaint in his motion to amend, he did, in his objections, indicate that he only recently exhausted his available administrative remedies regarding occurrences which happened since the filing of his last amended complaint.  (ECF No. 73 at 19.)  Plaintiff also indicates that the claims he seeks to bring are identical to the ones in this case with the addition of one different federal claim on due process.  (ECF No. 73 at 19-20.)

It is the court's job to decide whether a plaintiff will be allowed to amend his complaint.  In addition to being both untimely and unduly prejudicial, an amendment seeking to bring identical claims to those currently in this case is also futile. *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379 (4th Cir.2005) ("Leave to amend need not be given when amendment would be futile.").  It seems however, that Plaintiff seeks to also add a "different federal claim" regarding other events and occurrences unrelated to any of the claims in Plaintiff's original and amended complaints.  As such, Plaintiff should file a new suit to allege this claim or pursue it in state court.

## CONCLUSION

The court has reviewed the Magistrate Judge's Report, Plaintiff's objections, and

the record and has conducted a de novo review of the issues raised in this case. Based on the forgoing, the court adopts the Report and Recommendation of the Magistrate Judge in part and to the extent it is consistent with this order. The court GRANTS Defendants' Motion for Summary Judgment (ECF No. 43) as to Plaintiff's First Amendment retaliation claims. The court finds it appropriate to decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) in this case and remands the state law claims to state court, upon the dismissal of the claims over which this court has original jurisdiction. Plaintiff's motion for leave to file a supplemental complaint is DENIED (ECF No. 68), and Plaintiff's motion to expedite (ECF No. 65) is also DENIED as MOOT.

      IT IS SO ORDERED.

                                          /s/ Mary G. Lewis
                                          United States District Judge

Spartanburg, South Carolina
September 23, 2013