IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Patrick L. Booker, | ) | Civil Action No. 2:12-1957-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of Corrections, | ) | |
| Sylvia Jones, Ann Sheppard, Thierry Nettles, | ) | |
| | ) | |
| Defendants. | ) | |

On June 20, 2012, Plaintiff Patrick L. Booker, ("Plaintiff"), an inmate proceeding *pro se*, filed this action, which includes both federal constitutional and state law claims, in the McCormick County Court of Common Pleas. See ECF Nos. 1 and 8. On July 13, 2012, Defendants removed the action to federal court. (ECF No. 1). On July 31, 2012, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to United States Magistrate Judge Jacqueline D. Austin for pre-trial handling. On August 14, 2013, the Magistrate Judge issued a Report and Recommendation, ("the Report"), (ECF No. 71), recommending that Defendants' then-pending Motion for Summary Judgment, (ECF No. 43), be granted. By Order dated September 23, 2013, (ECF No. 77), this Court adopted the Magistrate Judge's Report in substantial part, granting Defendants' Motion for Summary Judgment as to Plaintiff's federal constitutional claims. In the same Order, the Court declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, remanding them back to state court. Id.

On November 12, 2013, Plaintiff appealed the Court's Order to the United States Court of Appeals for the Fourth Circuit. (ECF No. 92). By Opinion dated August 28, 2014, the Fourth Circuit vacated the grant of Summary Judgment on Plaintiff's claim "that [Defendant] Jones

retaliated against him for filing a grievance complaining of the opening of his mail."[1]  Booker v. S. Carolina Dep't of Corr., 583 F. App'x 43, 45 (4th Cir. 2014).  Additionally, the Fourth Circuit: (1) affirmed the grant of Summary Judgment on Plaintiff's remaining federal claims; (2) vacated the denial of Plaintiff's Rule 59(e) motion; and (3) vacated that portion of the Court's Order remanding Plaintiff's state law claims, directing reconsideration of whether exercising jurisdiction over those claims is appropriate.  Id.

The matter is presently before this Court for further proceedings consistent with the Fourth Circuit's opinion.  On October 6, 2014, and January 2, 2015, respectively, the parties filed cross motions for summary judgment.  See ECF Nos. 113 and 131.  On January 14, 2015, these motions were referred to United States Magistrate Judge Mary B. Gordon for initial consideration and a Report and Recommendation. ("The Report").  (ECF No. 135).  On April 20, 2015, the Magistrate Judge issued her Report, (ECF No. 156), recommending that Plaintiff's Motion for Summary Judgement, (ECF No. 113), be denied as moot, and that Defendants' Motion for Summary Judgment, (ECF No. 131), be granted on the basis of the qualified immunity doctrine.  Objections to the Report were due by May 7, 2015.  Plaintiff filed an Objection to the Report on May 6, 2015.  (ECF No. 160).  Defendant Jones filed a Reply to that Objection on May 26, 2015, (ECF No. 161), and Plaintiff filed a Sur-Reply or "Response" on June 11, 2015. (ECF No. 163).  The matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has

---

[1] The Fourth Circuit based its ruling on its conclusion that genuine issues of material fact existed as to the second element of Plaintiff's First Amendment retaliation claim.  The Fourth Circuit held that, in viewing the evidence in a light most favorable to the Plaintiff, Defendant "Jones' conduct would likely deter prisoners of ordinary firmness from exercising their First Amendment rights."  Booker, 583 F. App'x at 44.

no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, de novo, all applicable filings in this case, including the Magistrate Judge's Report, the Plaintiff's objections and the Defendant's replies thereto. With respect to Plaintiff's several objections, the Court has considered each of them and overrules them based upon the following considerations.

Plaintiff's most fully developed objection, articulated in both his initial Objection, (ECF No. 160), and in his Response to Defendant's Reply, (ECF No. 163), is that the Magistrate Judge erred in failing to determine, as a component of the qualified immunity analysis, whether Defendant's use of Plaintiff's statements on an internal grievance form as the basis for Defendant's recommendation that Plaintiff be charged with a prison disciplinary offense fell within the scope of her official duties as prison mail room supervisor. Plaintiff correctly cites the case of In Re Allen, 106 F.3d 582 (4th Cir. 1997), for the proposition that a defendant seeking to rely on a qualified immunity defense must first demonstrate that the conduct about which the Plaintiff complains falls within the scope of that Defendant's particular job duties. 106 F.3d at 592-97. However, as the Fourth Circuit emphasized

in that very case, "public officials seldom use their offices to engage in conduct that is entirely beyond their discretionary authority," and as a consequence plaintiffs rarely allege that defendant-officials were not acting pursuant to their official duties or within the scope of their authority. Id. at 594. (emphasis added). Indeed, even here, Plaintiff did not raise this issue until his Objection to the Magistrate Judge's Report. See ECF No. 160 at pp. 7-9. It is not surprising, therefore, that the Magistrate Judge did not make an express finding in the Report as to whether Defendant Jones was acting within her discretionary authority when she recommended that Plaintiff be subject to a disciplinary violation based upon statements made on the internal grievance form. However, this Court has now had an opportunity to consider the question and based upon the record before it concludes that Defendant–a prison mail room supervisor–was acting within her official duties when she prepared and submitted an incident report and recommended that Plaintiff be disciplined for communicating statements to her that she took to be unwarranted legal threats. Importantly, it is not necessary to this determination that the Court conclude that Defendant's conduct in recommending discipline was warranted or even proper under prison policy. As the Fourth Circuit has emphasized, the key inquiry under Allen is "not whether the official's actions were a proper, or even legal, exercise of her discretionary authority," but rather whether an official in Defendant's position would have known that her conduct was clearly established to be beyond the scope of her authority. Leverette v. Bell, 247 F.3d 160, 165 (4th Cir. 2001). The Court cannot make such a finding here.

Plaintiff's next objection, which again bears directly upon the Magistrate Judge's qualified immunity analysis, is that the Magistrate Judge erred in concluding that the particular right at issue in this case was a prisoner's First Amendment speech right to submit internal prison grievances, as opposed to the more broadly asserted right of a prisoner or other individual to petition the

government. See ECF Nos. 160 at pp. 5-6 and 163 at pp. 2-4. It is worth noting that, here again, Plaintiff is adopting an important legal position for the very first time in his objections to the Magistrate Judge's Report. In all prior filings in this case, from the Complaint forward, Plaintiff framed this litigation, and his retaliation claim in particular, as seeking to vindicate a First Amendment free speech right. In like manner, in the Report, the Magistrate Judge identified the putative right under consideration as a First Amendment free speech right. See ECF No. 156 at p. 12 ("In the case at bar, the right asserted by the Plaintiff is that he participated in speech protected by the First Amendment when he submitted his grievance regarding his legal mail"). Importantly, this formulation of the right at issue by the Magistrate Judge is squarely in keeping with the legal standard that governs qualified immunity analysis. The Fourth Circuit has instructed that prior to determining whether a particular right is clearly established for qualified immunity purposes, the court "must first identify the specific right that the Plaintiff asserts was infringed by the challenged conduct at a high level of particularity." Edwards v. City of Goldsboro, 178 F.3d 231, 250-51 (4th Cir. 1999) (emphasis added). Based upon the entire record before it, this Court concludes that a prison inmate's free speech right to submit internal grievances is the specific, particularized right at issue here, as both pressed by the Plaintiff throughout this litigation and as identified by the Magistrate Judge based upon her reading of controlling Fourth Circuit precedent. This Court must likewise credit the Magistrate Judge's ultimate conclusion that this particular free speech right, while perhaps sufficiently recognized in other federal circuits, is not "clearly established" in this circuit, at least not as that term has been construed. See ECF No. 156 at p. 11 (citing Edwards v. City of Goldsboro, 178 F.3d 231 at 251). As the Magistrate Judge correctly notes, at the time of the Defendant's conduct and, indeed, up through the present, there has been no published case law from

the Supreme Court of the United States, the Fourth Circuit Court of Appeals, or the Supreme Court of South Carolina that squarely establishes Plaintiff's proffered speech as protected speech.

The Court has given due consideration to Plaintiff's remaining objections, which bear less directly upon the Magistrate Judge's qualified immunity analysis as upon other, less outcome determinative portions of the Report, and overrules them as either without merit or irrelevant to the ultimate disposition of this litigation. As to these, the Court would only briefly note that although Plaintiff continues to maintain otherwise, it is clear from the Fourth Circuit opinion that remanded this action that the only federal claim that survived appellate review was Plaintiff's retaliation claim against Defendant Jones based upon Defendant Jones' recommendation that Plaintiff be charged with the Section 809 offense and which is the main subject of the Magistrate Judge's Report. See Booker v. S. Carolina Dep't of Corr., 583 F. App'x 43, 45 (4th Cir. 2014) ("Accordingly, we vacate the grant of summary judgment on [Plaintiff's] claim that [Defendant] retaliated against him for filing a grievance complaining of the opening of his mail and affirm the grant of summary judgment on [Plaintiff's] remaining federal law claims.").

In conclusion, based upon all of the foregoing, the Court concurs in substantial part with the reasoning of the Magistrate Judge and adopts the Report, (ECF No. 156), and incorporates it by reference to the following extent. The Court adopts the entirety of the Magistrate Judge's qualified immunity analysis, which is determinative of the outcome of Plaintiff's sole remaining federal claim and the basis for the grant of Defendants' Motion for Summary Judgment. The Court likewise adopts in full the Magistrate Judge's analysis denying Plaintiff's Motion for Summary Judgment. In light of these conclusions, the Court need not adopt those portions of the Report that analyze elements 1 and 3 of Plaintiff's retaliation claim. This decision in no way reflects the Court's view

as to the ultimate correctness of the recommendations contained therein.

**WHEREFORE** Plaintiff's Motion for Summary Judgment, (ECF No. 113), is hereby **DENIED**, as is Plaintiff's Motion for Reconsideration. (ECF No. 111). Defendants' Motion for Summary Judgment, (ECF No. 131), is hereby **GRANTED**. Finally, upon the dismissal of the sole remaining claim over which this Court had original jurisdiction, the Court declines to exercise supplemental jurisdiction pursuant to § 28 U.S.C. 1367(c)(3) and on that basis **REMANDS** Plaintiff's state law claims to state court.

**IT IS SO ORDERED.**

s/Mary G. Lewis  
United States District Judge

July 23, 2015  
Columbia, South Carolina